# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANIEL JAMES OLAR,

      Petitioner,

                                  Case No. 20-11373
v.                                      Hon. Matthew F. Leitman

MATT MACAULEY, WARDEN,

      Respondent.

_____/

## ORDER (1) GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD HABEAS PETITION IN ABEYANCE (ECF No. 3), (2) STAYING CASE PENDING EXHAUSTION OF STATE REMEDIES, AND (3) ADMINISTRATIVELY CLOSING CASE

    Petitioner Daniel James Olar is a state prisoner in the custody of the Michigan Department of Corrections. On May 7, 2020, Olar filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 (the "Petition"). (See Petition, ECF No. 1.)   Olar has also filed a motion to hold the Petition in abeyance while he seeks to exhaust several unexhausted claims in state court. (*See* Mot. to Stay Proceedings, ECF No. 3.)   These unexhausted claims relate the alleged ineffective assistance of Olar's trial and appellate counsel. (*See id.*)

    State prisoners are required to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus

1

petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To avoid complications with the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. See *Rhines v. Weber*, 544 U.S. 269, 278 (2005). After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *See id*. at 275-76.

The Court concludes that Olar is entitled to such a stay here. A stay is warranted because it will enable Olar to exhaust his state-court remedies for all of his claims without fear of violating the rule on second or successive petitions or the statute of limitations. Moreover, there is no indication that Olar has been engaged in intentional dilatory actions or that his unexhausted claims are plainly meritless. The Court will therefore hold the Petition in abeyance while Olar attempts to exhaust his new claims in state court.

Accordingly, **IT IS HEREBY ORDERED** that Olar's motion to hold the petition in abeyance while he pursues state remedies for his unexhausted claims (ECF No. 3) is **GRANTED**. This stay is conditioned upon Olar presenting his unexhausted claims to the state courts by filing a motion for relief from judgment in state trial court by no later than **November 30, 2020**. *See Hill v. Anderson*, 300 F.3d

679, 683 (6th Cir. 2002) (discussing similar procedure). If that court denies Olar's motion, he must seek timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law. *See id.*

The stay is further conditioned on Olar's return to this Court, with a motion to reinstate and amend the Petition, using the same caption and case number included at the top of this order, within **90 days** of fully exhausting his state court remedies. If Olar fails to comply with any of the conditions described in this order, the Court may dismiss the Petition and/or rule only on his currently exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case for administrative purposes only. Upon receipt of Olar's motion to reinstate the Petition, the Court will order the Clerk to reopen this case for statistical purposes. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Olar's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 15, 2020

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 15, 2020, by electronic means and/or ordinary mail.

                                    s/Holly A. Monda
                                    Case Manager
                                    (810) 341-9764